IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY**<br><br>               **Plaintiff,**<br><br>v.<br><br>**EUROPEAN AMERICAN REALTY, LTD., et al.**<br><br>               **Defendants.** | 1:07-cv-0355-WSD |

### OPINION AND ORDER

This matter is before the Court on Merrill Communications, LLC's ("Merrill") Motion to Intervene as a Party Defendant [116].

**I.     FACTUAL BACKGROUND**

This is an interpleader action against multiple Defendants who have made competing and inconsistent demands and claims for reimbursement and coverage under an insurance policy Plaintiff Federal Insurance Company ("Plaintiff" or "Federal") issued. Plaintiff brought this interpleader action as a result of litigation between two groups–Defendants European American Realty, LTD ("EAR"), Scott K. Toberman ("Toberman"), and certain other defendant entities (collectively, the "EAR Parties") and another group of defendant entities called the GEF Parties.

On February 9, 2007, Plaintiff filed its complaint for interpleader, and on February 23, 2007, Plaintiff filed a motion seeking injunctive relief and discharge from further liability.  On July 2, 2007, this Court entered an Order granting Federal's Motion and denied the Defendant EAR Parties' Motion to Dismiss.  Among other things, the Court ordered that that Defendants are required to interplead and settle among themselves their conflicting claims to the funds.

On July 11, 2007, Merrill filed this Motion to Intervene as a Party Defendant.  Merrill claims that it entered into a contract with EAR and Toberman for electronic discovery document processing services concerning a litigation matter between EAR and a third party.  A dispute arose regarding payment on the contract, and on January 16, 2007, Merrill filed a lawsuit in the United States District Court, Northern District of Georgia, against EAR and Toberman.  Federal filed this action almost one month later.

## II.    DISCUSSION

Merrill argues it should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a) or (b) so that it may preserve its interest in the insurance proceeds at issue in this dispute.  Merrill argues that its interests are not adequately protected by the parties presently involved in this action, there are limited

insurance proceeds, and the current Defendants' interests are directly contrary to Merrill's interests. Defendants have not responded to the Motion, and pursuant to Local Rule 7.1B, the Motion is deemed unopposed. L.R. 7.1B, N.D. Ga.

Merrill should be permitted to intervene in this action. It asserts an interest relating to the insurance funds which are the subject matter of this action, and due to the limited insurance funds available, unless Merrill is permitted to participate, its interests may be negatively affected. No party opposes the motion. Accordingly,

**IT IS HEREBY ORDERED** that Merrill's Motion to Intervene as a Party Defendant [116] is **GRANTED**.

**SO ORDERED** this 7th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE