IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **FEDERAL INSURANCE COMPANY**, <br><br>            **Plaintiff,** <br><br> v. <br><br> **EUROPEAN AMERICAN REALTY, LTD., et al.,** <br><br>            **Defendants.** | 1:07-cv-0355-WSD |

## OPINION AND ORDER

This matter is before the Court on Norcross Group, Inc.'s ("Norcross") Motion to Intervene as a Party Defendant [144].

This is an interpleader action against multiple Defendants who have made competing and inconsistent demands and claims for reimbursement and coverage under an insurance policy issued by Plaintiff Federal Insurance Company ("Plaintiff" or "Federal"). Plaintiff brought this interpleader action as a result of litigation between two groups – Defendants European American Realty, LTD ("EAR"), Scott K. Toberman ("Toberman"), and certain other defendant entities (collectively, the "EAR Parties"), and another group of defendant entities called the GEF Parties.

On February 9, 2007, Plaintiff filed its complaint for interpleader, and on February 23, 2007, Plaintiff filed a motion seeking injunctive relief and discharge from further liability.  On July 2, 2007, the Court granted Federal's Motion and denied the Defendant EAR Parties' Motion to Dismiss.  Among other things, the Court ordered that that Defendants are required to interplead and settle among themselves their conflicting claims to the funds.

On October 23, 2007, Norcross filed this Motion to Intervene as a Party Defendant.  Norcross alleges it entered into contracts with EAR and Toberman for electronic document processing services concerning litigation matters between certain of the EAR parties and third parties.  A dispute arose regarding payment on the contracts, and on May 25, 2007, Norcross filed suit in the State Court of Gwinnett County, Georgia against EAR and Toberman.  The State Court suit eventually led to entry of default judgment on September 20, 2007 against Toberman in the principal amount of $13,967.50, and $2,218.96 in prejudgment interest, and jointly and severally against EAR and Toberman in the principal amount of $447,126.28, and $54,262.12 in prejudgment interest.

Norcross argues it should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a) or (b).  Norcross argues its interests are not adequately

protected by the parties involved in this action, there are limited insurance proceeds, and the current Defendants' interests are directly contrary to Norcross's interests.  Defendants have not responded to the Motion, and pursuant to Local Rule 7.1B, the Motion is deemed unopposed.  L.R. 7.1B, NDGa.

The Court finds that Norcross should be permitted to intervene.  Norcross asserts an interest relating to funds which are the subject matter of this action, and due to the limited funds available, unless Norcross is permitted to participate, its interests may be negatively affected.  No party opposes the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Norcross's Motion to Intervene as a Party Defendant [144] is **GRANTED**.  The proposed Answer, Cross-Claims, and Limited Counterclaim attached as Exhibit C to Norcross's Motion to Intervene shall be docketed as Norcross's responsive pleading in this matter.

**SO ORDERED** this 18th day of December 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE